UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS MOYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-02353-GCS |
| | ) |
| JACKSON COUNTY PUBLIC | ) |
| DEFENDER'S OFFICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On July 7, 2023, Plaintiff Thomas Moyer sued his former employer, Defendant Jackson County Public Defenders Officer ("Public Defender") under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"). On March 31, 2025, the Court granted summary judgment in favor of Defendant and against Plaintiff. (Doc. 45). Judgment reflecting the same was also entered. (Doc. 46). Now pending before the Court is Defendant's Bill of Costs, filed on April 9, 2025, seeking $759.40 in costs. (Doc. 47). Plaintiff filed an objection on April 23, 2025. (Doc. 49).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. FED. R. CIV. PROC. 54(d)(1). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th

Cir. 2006). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). When awarding costs, the Court considers whether the costs are recoverable and whether the amount sought is reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). However, before awarding costs, the Court must determine whether the party seeking costs was a "prevailing party" for purposes of the rule. *See* FED. R. CIV. PROC. 54(d)(1). "The losing party has the burden to affirmatively show that the prevailing party is not entitled to costs." *M.T. Bonk Co. v. Milton Bradley, Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

Defendant is clearly the prevailing party in this case as judgment was entered in its favor. (Doc. 45, 46). Defendant seeks $759.40 in costs for fees relating to depositions transcripts. (Doc. 47). These transcripts were used at the summary judgment stage. Plaintiff objects to the portion of the Bill of Costs relating to the fee of $585.60 for Plaintiff's deposition, which was taken on November 7, 2023. Plaintiff maintains that the amount Defendant seeks is incorrect as it exceeds the amount per page allowed under the Judicial Conference Rates for Fiscal Year 2024. Specifically, Plaintiff maintains that the rate per page is $4.00 and not the $5.91 rate per page that Defendant seeks to recover. The Court agrees with Plaintiff and **REDUCES** the amount for Plaintiff's deposition to the amount of $396.00, consistent with the $4.00 per-page maximum allowed for transcripts during

Fiscal Year 2024 (99 pages x $4.00 = $396.00). *See Southern District of Illinois Administrative Order No. 363*, (October 16, 2023).

Accordingly, Costs are **TAXED** in the amount of $569.80 and included in the judgment.

**IT IS SO ORDERED.**

**DATED: April 24, 2025.**

Digitally signed by Judge Sison
Date: 2025.04.24 16:02:43 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**